UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT


Donald J. Coon,

       Plaintiff,

       v.                                      Civil Action No. 2:13-cv-182

Southwestern Vermont Medical Center,
Shea Family Funeral Homes,
Lon McClintock, Esq.,

       Defendants.


**OPINION AND ORDER**
(Docs. 131, 132)


On June 25, 2013, Plaintiff Donald J. Coon, proceeding *pro se*, commenced this

action against several Defendants, including Defendant Shea Family Funeral Homes

("Shea").  Mr. Coon's claims stem from the death of his mother, Joan Marie Hunt, while

Ms. Hunt was a patient at the Southwestern Vermont Medical Center ("SVMC"); from

Shea's actions following Ms. Hunt's death; and from Attorney Lon McClintock's alleged

breach of duties he owed to Mr. Coon during an investigation into Ms. Hunt's death.

Motions to dismiss SVMC and Attorney McClintock as Defendants were granted by a

prior Opinion and Order (*see* Doc. 72).  Familiarity with that Opinion and Order is

presumed, although I briefly outline some of Mr. Coon's allegations in the "Background"

section below.

The remaining claims in this matter are against Shea only.  They are: (1) common-law conversion by repossession of a grave stone installed by Shea; (2) intentional infliction of emotional distress for grave desecration and the removal of the grave stone; and (3) breach of contract for overcharging for professional funeral services.[1]  Several motions are currently pending, including a Motion to Quash Subpoena (Doc. 131) filed by NBT Bancorp ("NBT") under Fed. R. Civ. P. 45 to quash Mr. Coon's subpoena commanding NBT to provide him with "all loan, insurance on loan documents, [and] banking acct records for Joan Marie Hunt."  (Doc. 131-1 at 1.)  Mr. Coon opposes NBT's Motion, (*see* Doc. 135), and has filed a related Motion to Compel NBT to Answer Subpoena, (Doc. 132).  Mr. Coon also requests a hearing.  (Doc. 132 at 1.)

All parties have consented to direct assignment to the undersigned Magistrate Judge.  (Docs. 4, 10, 11, 48.)   The Court concludes that no hearing is necessary.  For the reasons that follow, NBT's Motion to Quash (Doc. 131) is GRANTED IN PART and DENIED IN PART and Mr. Coon's Motion to Compel (Doc. 132) is GRANTED IN PART and DENIED IN PART.

## Background

Mr. Coon claims that his half-sister Joanne Becker murdered Ms. Hunt at SVMC.  Mr. Coon also claims that Ms. Becker hired Shea to cremate Ms. Hunt's remains before any autopsy could be performed.  In addition, Mr. Coon claims that Shea wrongly

---

[1]  The Court recently denied Mr. Coon's Motion for Summary Judgment on these claims.  (Doc. 164.)

concluded that a balance was due for the services it provided (including provision of a

grave marker), and that Shea desecrated Ms. Hunt's grave and removed the grave marker.

As noted above, the subpoena at issue commands NBT to provide Mr. Coon with

"all loan, insurance on loan documents, [and] banking acct records for Joan Marie Hunt,"

for the period between January and July 2010.  (Doc. 131-1 at 1.)  The subpoena

commands compliance by June 16, 2014.  (*Id.*)  The Proof of Service indicates that

Daniel J. Coon hand delivered the subpoena to an NBT bank officer in Albany, New

York on June 3, 2014.  (*Id.* at 2.)

## Analysis

NBT seeks to quash the subpoena, arguing that: (1) it was improperly served; (2)

Ms. Hunt's account records from banks are irrelevant to the action; and (3) disclosure of

the account records is improper without determining who controls Ms. Hunt's estate and

its accounts.

**I.      Service of the Subpoena**

NBT notes that under Fed. R. Civ. P. 45(b)(1), parties may not serve subpoenas.

According to NBT, the subpoena was improperly served by Mr. Coon himself.  Mr. Coon

argues that service was proper because his half-brother Daniel Coon delivered the

subpoena.  Here, it is clear from the face of the Proof of Service that it was Daniel Coon

who delivered the subpoena.  Rule 45(b)(1)'s prohibition against parties serving

subpoenas is not a basis for quashing the subpoena.

## II.     Relevance

NBT argues that the records Mr. Coon seeks are not relevant to the case.  Mr.

Coon maintains that the records are necessary "to see what Joanne paid to Shea[]" and "if

Shea[] collected from these acc[oun]ts."  (Doc. 135 at 4; *see also* Doc. 132 at 1 ("We do

not know who, which, or when acc[ount]s Joanne M Becker paid, if she gave monies to

Mark Shea, his company or what?  We need to see the acc[oun]t activities to know what

happened during all this time.").)  Since there is a dispute about whether Shea charged

Ms. Hunt's estate for sums that had already been paid, (*see* Doc. 164 at 5), the Court

concludes that transaction information on Ms. Hunt's NBT account with respect to any

payments to Shea is relevant to the contract claim in this case.  However, payments to

any other payee would not be relevant to any claim in this case.

## III.    Control of Accounts

NBT asserts that, "[s]ince Mr. Coon served a subpoena for the account records, he

presumably does not have control over Ms. Hunt's records."  (Doc. 131 at 2.)  NBT also

represents that it "does not have information about who does have control over Ms.

Hunt's records."  (*Id.*)  Asserting that Mr. Coon's family members might contest control

over the estate, NBT says that it "does not want to disclose account records without the

opportunity to provide notice to the account owner or without a court order."  (*Id.*)

The Court previously noted that it is not entirely clear whether Mr. Coon has

complied with the requirements for serving as a "voluntary administrator" of Ms. Hunt's

estate under New York law (and that he has not filed a copy of the certificate that would

evidence that fact), but that it nevertheless "seems likely" that Mr. Coon is the "voluntary

administrator." (Doc. 72 at 37 n.26.)  The Court did not definitively decide whether Mr.

Coon is in fact the voluntary administrator, but nevertheless declined to dismiss the

conversion and mischarge claims against Shea.

The Court concludes that, in order to prevail on the conversion and mischarge

claims, Mr. Coon will have to *prove* by admissible evidence that he is the voluntary

administrator of the estate.[2]  If he can do that, then it is unclear why the subpoena at issue

is necessary.  However, since the Court previously allowed the conversion and mischarge

claims to move past the motion-to-dismiss stage, the Court concludes that some limited

discovery from NBT is appropriate.  The Court will accordingly modify the subpoena to

require NBT to disclose only those payments (if any) from Ms. Hunt's account to Shea

between January 1 and July 31, 2010.

Finally, the Court rejects Mr. Coon's request that NBT be ordered to pay him fees

for opposing the subpoena.  (*See* Doc. 132 at 2; Doc. 135 at 5.)  NBT is properly acting to

ensure that its customers' accounts are protected from unauthorized disclosure.  Coon

points to no legal authority in advancing this claim.  In any event, as a *pro se* party, Mr.

Coon cannot recover non-existent attorney's fees.

## Conclusion

For the reasons stated above, NBT's Motion to Quash (Doc. 131) is GRANTED

IN PART and DENIED IN PART and Mr. Coon's Motion to Compel (Doc. 132) is

---

[2] That is perhaps another reason—not articulated in the Court's July 16, 2014 Opinion and Order (Doc. 164)—why Mr. Coon is not entitled to summary judgment on those claims.  The record in this case still does not include the "short certificate" contemplated by New York law, N.Y. Surr. Ct. Proc. Act. § 1304(5), or any other independent proof of Mr. Coon's qualification and authority.

6

DENIED insofar as it seeks a hearing, and is otherwise GRANTED IN PART and

DENIED IN PART.  It is hereby ORDERED: NBT shall disclose electronically stored

information or documents in its care, custody, or control for those payments **only** (if any)

from Ms. Hunt's account to Shea between January 1 and July 31, 2010.  NBT shall

comply within 21 days from this date.

Dated at Burlington, in the District of Vermont, this 30th day of July, 2014.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge