UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Donald J. Coon,

        Plaintiff,

        v.                                    Civil Action No. 2:13-cv-182

Southwestern Vermont Medical Center,
Shea Family Funeral Homes,
Lon McClintock, Esq.,

        Defendants.

## OPINION AND ORDER
(Doc. 152)

This case is one of the most recent in a long saga of litigation brought by *pro se* Plaintiff Donald J. Coon.  On June 25, 2013, Mr. Coon, proceeding *pro se*, commenced this action against several Defendants, including Defendant Shea Family Funeral Homes ("Shea").  On January 30, 2014, the Court granted a number of motions to dismiss, leaving only Shea as a Defendant.  (*See* Doc. 72.)  The remaining claims against Shea are: (1) common-law conversion by repossession of a grave stone installed by Shea; (2) intentional infliction of emotional distress for grave desecration and the removal of the grave stone; and (3) breach of contract for overcharging for professional funeral services. Mr. Coon moved for summary judgment in his favor on those claims (Doc. 105), and the Court denied that motion in an Opinion and Order dated July 16, 2014 (Doc. 164).

All parties have consented to direct assignment to the undersigned Magistrate Judge.  (Docs. 4, 10, 11, 48.)  The Court here addresses Shea's Motion to Enjoin Plaintiff from Filing Further Vexatious Litigation Without Permission from the Court (the "Vexatious-Litigation Motion") (Doc. 152).  The Court held a hearing on that Motion on September 25, 2014.[1]  For the reasons that follow, Shea's Vexatious-Litigation Motion (Doc. 152) is GRANTED.

## **Background**

Many of the facts are recited in the Court's January and July 2014 rulings.  (Docs. 72, 164.)  In brief, Mr. Coon claims that in January 2010, his half-sister Joanne Becker murdered their mother, Joan Marie Hunt, while Ms. Hunt was a patient at the Southwestern Vermont Medical Center ("SVMC").  Mr. Coon also claims that after Ms. Hunt died, Ms. Becker hired Shea to cremate the remains before any autopsy could be performed.  In addition, Mr. Coon claims that Shea wrongly concluded that a balance was due for the services it provided (including provision of a grave marker), and that after the balance went unpaid, Shea desecrated Ms. Hunt's grave and removed the grave marker.  Mr. Coon says that he suffered emotional distress as a result of the alleged desecration and the removal of the grave marker, and seeks several million dollars in damages.

---

[1]  The hearing was originally scheduled for September 5, 2014 (Doc. 192), but was rescheduled for September 25, 2014 in light of Mr. Coon's assertions regarding his health.  (*See* Docs. 203, 204.)  Mr. Coon did not appear at the September 25 hearing.

## Procedural History

The procedural history in this case is convoluted.  Since this case was commenced 15 months ago, Mr. Coon has filed more than 20 motions (the majority of which have been denied), as well as oppositions (sometimes multiple oppositions) to Defendants' various motions.  Mr. Coon's prolific filings are frequently difficult to understand, both because of the writing style and organization.  Some of Mr. Coon's filings are also vitriolic, containing personal attacks against various individuals.[2]  The Court recounts the highlights of the procedural history in this case (and related cases) below.

## I.      Litigation in New York Federal Court

On May 13, 2013, Mr. Coon filed a *pro se* complaint in the United States District Court for the Northern District of New York against SVMC, Ms. Becker, and James A. Lombardo "& Firm."  (*See* Doc. 40-2.)  The action was dismissed for lack of subject-matter jurisdiction because Ms. Becker and Mr. Lombardo, like Mr. Coon, are New York citizens.  *See Coon v. Sw. Vt. Med. Ctr.*, No. 1:13-cv-553 (GLS/RFT), 2013 WL 3777081, at *1–2 (N.D.N.Y. July 17, 2013).

## II.     Litigation in this Case, No. 2:13-cv-182

### A.      Complaint, Amended Complaint, and Early Motion Practice

On June 27, 2013, Mr. Coon filed his Complaint in this case, naming SVMC and Shea as Defendants.  (Doc. 3.)  SVMC and Shea each filed motions to dismiss.  (Docs. 7, 9.)  In a reply in support of its motion, SVMC included a one-page printout indicating

---

[2]  Shea has supplied a non-exhaustive list of examples of verbal attacks appearing in Mr. Coon's filings.  (*See* Doc. 163 at 5–6.)

that the New York District Attorney had requested Ms. Hunt's medical file, and that

"Lon" had "ok'd" the file's release.  (Doc. 12-1.)  Mr. Coon apparently then searched for

attorneys in Bennington County named Lon and identified Attorney Lon McClintock as

the individual who had advised SVMC to release the records.  (*See* Doc. 16 at 1–2.)

Noting that Attorney McClintock had represented him in the past, Mr. Coon alleged that

McClintock was in "cahoots" with SVMC (*id.* at 1), moved to amend the Complaint to

add McClintock as a Defendant (Docs. 14, 16), and filed an Amended Complaint (Doc.

17).  Attorney McClintock subsequently filed his own Motion to Dismiss or for Summary

Judgment.  (Doc. 49.)

Extensive motion practice followed, eventually resulting in the Court's

January 30, 2014 Opinion and Order dismissing SVMC and Attorney McClintock as

Defendants.  (Doc. 72.)  Prior to issuing that Opinion and Order, the Court authorized

limited ex parte expedited discovery to address a "strong initial showing" by Attorney

McClintock that Mr. Coon might have fabricated certain emails that he submitted to the

Court in opposition to McClintock's Motion.  (Doc. 57 at 3.)  The Court ultimately

determined that it was unnecessary to inquire further on that issue.  (Doc. 72 at 17 n.19.)

As to Defendant Shea, the Court dismissed Mr. Coon's wrongful-cremation claim, but

concluded that dismissal was not warranted for Mr. Coon's conversion, mischarge, and

grave-desecration claims.  (*Id.* at 29–39.)

### B.    Appeal

Mr. Coon attempted to appeal the January 30, 2014 Opinion and Order even

before any judgment was entered.  (Doc. 78.)  On March 4, 2014, the Court granted

SVMC and Attorney McClintock's motions for entry of final judgment under Rule 54(b) (Doc. 86), and on March 6, 2014 entered judgment in favor of SVMC and McClintock (Doc. 87).  On June 26, 2014, the Second Circuit dismissed Mr. Coon's appeal of that judgment, reasoning that it "lacks an arguable basis in law or fact."  (Doc. 146 at 1.)

### C.    Continued Litigation Against Shea; Additional Motions

Mr. Coon's case against Shea in this Court continued.  Shea filed an Answer to Mr. Coon's Amended Complaint on March 7, 2014.  (Doc. 89.)  The parties commenced discovery.  On April 18, 2014, Mr. Coon filed a motion for summary judgment.  (Doc. 105.)  The Court denied that motion in an Opinion and Order dated July 16, 2014.  (Doc. 164.)

Meanwhile, Mr. Coon continued filing various motions.  Perhaps most notably, on May 29, 2014, he filed a Motion for Immediate Relief, alleging that Shea had again desecrated Ms. Hunt's grave, and seeking an order prohibiting Shea from appearing at the burial site.  (Doc. 123.)  After holding a hearing on July 9, 2014, the Court denied the Motion.  (Docs. 161, 186.)  At the hearing, Mark Shea testified that he had not returned to the grave site since 2011.  Mr. Coon presented only speculation that Shea had any involvement in the alleged more recent grave desecration, and even suggested that the perpetrator might have been Ms. Becker.

On June 9, 2014, Mr. Coon filed a Motion to Compel NBT Bancorp ("NBT") to Answer a Subpoena.  (Doc. 132.)[3]  The Court granted that Motion only insofar as NBT had records of payments from Ms. Hunt's account to Shea between January 1 and July 31, 2010.  (Doc. 178 at 6.)  NBT subsequently filed a response indicating that it had no records of any such payments.  (Doc. 181 at 1.)

On June 20, 2014, Mr. Coon filed a Motion to Void the Contract Between Shea and Ms. Hunt's estate.  (Doc. 139.)  On the same date, Mr. Coon filed a Motion for Permission to File all Discovery Through the Court.  (Doc. 140.)  The Court denied both of those Motions.  (Docs. 142, 168.)

### D.    Discovery and the Surrogate Letter

Shortly after Shea produced a letter from Mark Shea to the Washington County, New York Surrogate's Court (the "Surrogate Letter"), Mr. Coon filed a pair of motions (Docs. 144, 147) seeking Rule 11 sanctions and to strike all of Shea's filings that refer to the Surrogate Letter.  The Court denied those motions in an Opinion and Order dated August 7, 2014.  (Doc. 188.)[4]  As described in that Opinion and Order, the Surrogate Letter states as follows:

---

[3]  Shea points out that Mr. Coon has also expressed some desire to sue NBT or other banks.  (*See* Doc. 163-1 (email from Mr. Coon to counsel for Shea indicating: "[O]f course I will file to see if his honor will allow the banks to be added to suit . . . .").)

[4]  In that Opinion and Order, the Court noted that Shea sought Rule 11 sanctions against Mr. Coon, including a sanction prohibiting the Court from accepting any future case filings by Mr. Coon unless he is either represented by counsel or obtains prior leave of court to proceed *pro se*.  (*Id.* at 7.)  The Court declined to rule on that request at the time, leaving it for resolution in the context of Shea's Vexatious-Litigation Motion.  (*Id.*)

RE: JOAN MARIE HUNT

Dear Sirs-

I was asked to sign the enclosed by the son of Mrs. Hunt (Donald Coon), at the time he had given us a check for the remaining balance of her account. Since then the check has not cleared and we have incurred charges, therefore the estate of Mrs. Hunt owes our funeral home $192.00.

I feel that he had me sign the document under false pretenses as he knew the check would not clear.

We are submitting this as a claim against the estate of Mrs. Hunt.

Please be in touch with any further instruction or questions.

(Doc. 144-1 at 2.)[5] Meanwhile, Mr. Coon filed a new case in this Court on a variety of theories arising out of the Surrogate Letter. The new case, docketed *Coon v. Shea*, No. 2:14-cv-85, is discussed in more detail below.

The parties' discovery disputes ultimately resulted in Shea's July 7, 2014 Motion to Dismiss Mr. Coon's case as a sanction for failure to comply with his discovery obligations. (Doc. 154.) This Court held a hearing on that Motion on September 25, 2014, and it is currently under advisement.

### E.     Shea's Vexatious-Litigation Motion

Shea filed the pending Motion to Enjoin Plaintiff from Filing Further Vexatious Litigation on July 2, 2014. (Doc. 152.) Ironically, that Motion appears to have resulted in Mr. Coon seeking to institute additional litigation. The Motion discusses some of Mr. Coon's prior litigation, and prompted two written responses from Mr. Coon. (Docs. 158,

---

[5] The letter was addressed to the Surrogate's Court at 386 Broadway, Fort Edward, New York. (*Id.*) It was apparently never received by the Surrogate's Court, which is located at 383 (not 386) Broadway in Fort Edward. (*See id.* at 1.)

159.)  The latter response—apparently written at least in part before Mr. Coon had even received Shea's Motion to Enjoin (*see* Doc. 159 at 1)—asserts that Shea's Motion raised an issue regarding a "sealed" case and an "aw[]ful period" in Mr. Coon's life (*id.* at 1, 10).[6]  According to Mr. Coon, the Motion "opened up a nightmare for me" and he had an "old time screamfest this week thanks [to] you."  (*Id.* at 5.)

On July 23, 2014, Mr. Coon filed a Motion apparently asking the Court to advise him whether he has an actionable claim against Shea's counsel for bringing up the "sealed case" and causing him distress.  (Doc. 173.)  The Court denied that Motion on August 5, 2014.  (Doc. 187.)  Counsel for Shea insists that he has no idea what "sealed case" Mr. Coon is referring to, and that Shea's Motion cited only publicly available cases.  (Doc. 176 at 1.)[7]  Mr. Coon maintains that counsel for Shea has caused him pain by bringing up the "sealed case," and indicates his intent to file suit against counsel. (Doc. 185.)  Shea filed a Reply on August 14, 2014, reiterating that neither counsel for Shea nor Shea have any interest in the "sealed case."  (*See* Doc. 194 at 1.)

## III.    Litigation in No. 2:14-cv-85 Regarding the "Surrogate Letter"

In the midst of the ongoing litigation in No. 2:13-cv-182, Mr. Coon filed a new case in this Court seeking millions of dollars in damages and other relief for alleged

---

[6]  The Court ordered Doc. 159 sealed because it appeared to contain confidential mental health information.

[7]  In fact, it appears that one of the cases that Shea cited in its Motion—*Coon v. Hoosick Falls Central School*, No. 1:03-cv-228 (N.D.N.Y.)—relates to the subject matter of the "sealed case."  Shea is correct in asserting, however, that *Coon v. Hoosick Falls Central School* is publicly available.  If there was a sealed case arising out of the underlying incident, Mr. Coon apparently volunteered information about that incident and placed it in the public domain by filing suit against the Hoosick Falls Central School.

wrongs stemming from the Surrogate Letter.  Specifically, he claimed the Surrogate

Letter defamed him in the eyes of the Surrogate Court clerks, and interfered with his

pursuit of justice in that court.  Complaint at 3, *Coon v. Shea*, No. 2:14-cv-85 (D. Vt.

May 8, 2014), ECF No. 4.  He also claimed that the Surrogate's Court and that court's

clerks violated his rights because they never notified him of Shea's statements in the

Surrogate Letter.  *See id.*

Initially, Mr. Coon attempted to sue Mark Shea and Shea Family Funeral Homes,

as well as the Washington County (New York) Surrogate's Court Clerk's Office and

various Surrogate's Court employees.  *Id.*  The undersigned recommended that, due to

lack of complete diversity, the case be dismissed without prejudice for lack of subject-

matter jurisdiction.  *See Coon v. Shea*, No. 2:14-cv-85, 2014 WL 2462808, at *3 (D. Vt.

June 2, 2014).  The District Court adopted that recommendation, noting that Mr. Coon

had already filed an Amended Complaint.  *Id.* at *1.  Mr. Coon's Amended Complaint

drops the Surrogate's Court defendants, but appears to add Mark Shea's spouse as a

defendant.  Amended Complaint, *Coon v. Shea*, No. 2:14-cv-85 (D. Vt. May 14, 2014),

ECF No. 7  Several motions are currently pending in No. 2:14-cv-85, all of which are the

subject of an Order and Report and Recommendation filed on September 5, 2014.  *Coon

v. Shea*, No. 2:14-cv-85 (D. Vt. Sept. 5, 2014), ECF No. 30.

## Analysis

The Court has authority to enjoin parties from "vexatious litigation."  *Safir v. U.S.

Lines, Inc.*, 792 F.2d 19, 23 (2d Cir. 1986).  As the Second Circuit has explained: "'A

district court not only may but should protect its ability to carry out its constitutional

functions against the threat of onerous, multiplicitous, and baseless litigation.'" *Id.* at 24 (quoting *Abdullah v. Gatto*, 773 F.2d 487, 488 (2d Cir. 1985) (per curiam)).  The threshold procedural requirement for issuing an injunction is satisfied here; Mr. Coon has had notice and an opportunity to be heard on Shea's Vexatious-Litigation Motion.  *See Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (per curiam).

In determining whether to restrict a litigant's future access to the courts, the Court considers:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* at 528.  "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir*, 792 F.2d at 24.

## I.      Mr. Coon's History of Litigation

Shea asserts that "[o]ver the past 20 years, Plaintiff has filed dozens of lawsuits against numerous parties, including public officials, schools, private entities, and even counsel defending those private entities."  (Doc. 152 at 1.)  According to Shea, the bulk of those suits were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as either frivolous,

malicious, or as failing to state a claim.  (*Id.*)  The Court has collected the cases cited by

Shea, as well as a number of other cases instituted by Mr. Coon, in the Appendix, *infra*.

In short, since 1993, Mr. Coon has filed more than 40 cases in state or federal

court; there are only a few years since 1993 that did not see Mr. Coon filing one or more

new actions in federal court or the Vermont state courts.  More than a quarter of those

cases were dismissed by the court or dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Approximately ten resulted in a partial or full settlement.  Several were dismissed by the

plaintiff.  A handful of the cases proceeded to the summary-judgment stage.  One state-

court case advanced to trial, where judgment was ultimately rendered for the defendant.

Many of Mr. Coon's cases have been dismissed at or near the outset.  *Cf. Zorn v.*

*Brown*, No. 1:05-cv-297 (D. Vt. Nov. 30, 2005), ECF No. 50 at 3–4 (enjoining further

filings without prior leave, noting "multiple unsuccessful actions over the past 15 years,"

each of which was dismissed at or near the outset); *Zorn v. Smith*, 2011 VT 10, ¶ 19, 19

A.3d 112, 118 (sanction was warranted where history of litigation reflected "a pattern of

chronic vexatious, baseless, and frivolous filings").  On the other hand, a few of Mr.

Coon's cases proceeded past the motion-to-dismiss stage, and a number resulted in

settlements.  But, for the reasons discussed below, those instances are insufficient to

avoid the conclusion that Mr. Coon has abused the judicial process.  *See Safir*, 792 F.2d

at 24 (affirming sanction even though "some of Safir's lawsuits, far from being frivolous,

were meritorious.").

The sheer number of cases that Mr. Coon has filed, together with the fact that

many were dismissed, is an instructive starting point.  *See Iwachiw*, 396 F.3d at 529

(noting that plaintiff had filed more than fifteen actions in the federal and New York state courts).  Moreover, some particular cases demonstrate that whatever partial successes Mr. Coon might have achieved in some of his past litigation, his pattern of litigiousness has on numerous occasions crossed the line to abusive.  Perhaps most notably, in *Coon v. Bowen*, the Second Circuit affirmed dismissal because "the action was malicious."  No. 98-9185, 1999 WL 314134, at *1 (2d Cir. 1999).  The Second Circuit noted that Mr. Coon had threatened to sue the attorneys who represented the defendants in that case, and had stated that his wife would file her own lawsuit if Mr. Coon did not win his.  *Id.*[8]  The court concluded by warning Mr. Coon in no uncertain terms: "[I]n the future, this Court or the district court well might consider imposing sanctions based on any further vexatious litigation such as that reported here."  *Id.*

That warning seems to have done little to stem the tide of vexatious litigation from Mr. Coon.  He filed a new case, *Coon v. Town of Springfield*, shortly after the Second Circuit's opinion in *Bowen*, and in that case the Court noted in a March 16, 2000 Order that "it seems clear the [plaintiffs] seek to harass the named [defendants]."  No. 1:99-cv-382 (D. Vt. Mar. 16, 2000).  The case ultimately settled after Early Neutral Evaluation, but it perhaps worth noting that in March 2002 Mr. Coon apparently attempted to reopen the case.

Mr. Coon initiated numerous additional suits throughout the early 2000s.  By 2006, the United States District Court for the Northern District of New York noted that

---

[8]  That was not the only instance where Mr. Coon threatened to (or did) sue opposing counsel.  Shea points out a number of additional examples.  (*See* Doc. 152 at 2.)  Mr. Coon has threatened to do the same in this case.

he was a "*pro se* litigator who has filed ten prior actions in this District."  *Coon v. Kilgo*,

No. 1:06-cv-925 (N.D.N.Y. Sept. 28, 2006), ECF No. 3 at 1 n.1.  The court in *Kilgo*

dismissed the case under 28 U.S.C. § 1915(e)(2)(B).  *Id.* at 3.  In 2008, the same court

dismissed another of Mr. Coon's cases under § 1915(e), denying several of his motions as

"moot, incoherent and frivolous," and noting that Mr. Coon "has shown a propensity for

filing a multitude of generally frivolous actions."  *Coon v. Trustco Bank Corp.*, No. 1:08-

cv-177, 2008 WL 2096534, at *5 (N.D.N.Y. May 16, 2008).

Mr. Coon's pattern of vexatious litigation also appears in the present case.  In the

15 months since this case was filed, Mr. Coon has filed more than 20 motions, frequently

confusing and incoherent, with large numbers of attachments.  Most of those motions

have done little to advance the case.  As noted above, many of Mr. Coon's filings contain

abusive language, and the Court has even ordered him to "refrain from using scurrilous,

insulting, or offensive language when referring to counsel or parties to this action in

future motions or pleadings."  *Coon v. Shea*, No. 2:14-cv-85 (D. Vt. July 18, 2014), ECF

No. 26.  Moreover, Mr. Coon has called his own veracity into question, prompting the

expedited ex parte discovery described above.  He has also made accusations of

egregious conduct apparently based only on his own speculation, as evidenced by the

May 29, 2014 Motion for Immediate Relief, also described above.

He launched a new federal suit based on the Surrogate Letter, naming a variety of

non-diverse defendants.  Mr. Coon has since amended his complaint in that suit to drop

the non-diverse defendants.[9]  Most recently—and ironically—he has sought to open up a

new front of litigation against counsel for Shea for citing a publicly available case in

Shea's Vexatious-Litigation Motion, the citation of which Mr. Coon says caused him

mental anguish.  For all of the above reasons, the Court concludes that Mr. Coon's

extensive history of litigation demonstrates sanctionable abuse of the judicial process,

especially in light of the explicit warning to that effect issued by the Second Circuit in

1999.

## II.    Additional Factors

The second factor the Court considers is Mr. Coon's motive in pursuing the

litigation, and whether he has "an objective good faith expectation of prevailing." *Safir*,

792 F.2d at 24.  The Court has previously remarked that Mr. Coon's claims in this case

are not sufficiently meritorious to warrant appointment of counsel.  (Doc. 204 at 2.)  And

the extensive history of litigation discussed above is compelling evidence that Mr. Coon

cannot have had an objective good faith expectation of prevailing in many of those cases.

Moreover, some courts have explicitly found Mr. Coon's legal maneuvering to be

malicious, harassing, or frivolous.

The third factor is whether the litigant is represented by counsel.  In this case and

in *Coon v. Shea*, No. 2:14-cv-85, Mr. Coon is proceeding *pro se*.[10]  It also appears that

---

[9]  The Court makes no comment here as to the merits of the new suit against the remaining
defendants.

[10]  The Court notes, however, that Mr. Coon has stated in several of his filings that he is receiving
help from law students and a judge.  (E.g., Doc. 127 at 2 ("I get help at law school clinic and a federal
judge and his class . . . .").)

Mr. Coon was *pro se* in all of the other cases listed in the Appendix.  However, as the Vermont Supreme Court has observed, a litigant's *pro se* status is not a "passport to waste the court's time indefinitely."  *Zorn*, 2011 VT 10, ¶ 22, 19 A.3d at 118.  As to the fourth factor, numerous defendants have incurred the expense of being represented by counsel, and state and federal courts have shouldered the burden of processing Mr. Coon's prodigious litigation.

## III.    Adequacy of Other Sanctions

Shea seeks an order barring Mr. Coon from filing any further cases (presumably in this Court) without obtaining leave from the Court.  (Doc. 152 at 6.)  Warnings seem to have had little effect on Mr. Coon's vexatious litigation; he continued that pattern shortly after receiving an explicit warning from the Second Circuit in 1999.  Given Mr. Coon's *in forma pauperis* status (*see* Doc. 2), he would be unable to pay a monetary sanction.  In this case, no other sanction would offer defendants and the courts adequate protection. *See Iwachiw*, 396 F.3d at 529.

The Court therefore concludes that a "measured" pre-filing injunction is warranted.  *Id.*  The injunction will be limited to filings in this Court.  *See id.* (affirming injunction that did not extend to filings in other federal district courts or to state courts). The Court has considered whether to limit the scope of the injunction to filings arising out of the events surrounding Ms. Hunt's death and burial.  Indeed, some injunctions with such limited scope are sufficient to protect defendants and the courts.  *See Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 2014 WL 3805579, at *7 (9th Cir. 2014) (concluding that pre-filing restriction was overbroad); *Safir*, 792 F.2d at 25 (same).

In light of Mr. Coon's very substantial litigation history, however, the Court concludes that a somewhat broader restriction is necessary.  Although Mr. Coon's present focus appears to be on the events following the death of his mother, there appears to be no end to the possible theories or defendants in Mr. Coon's mind.  An injunction limited to the events surrounding Ms. Hunt's death would not be effective.  *See Iwachiw*, 396 F.3d at 529 (affirming injunction imposing pre-filing restriction on bringing any future proceedings in the Eastern District of New York).

Accordingly, if Mr. Coon wishes to commence an action in this Court in the future, he must file with his proposed complaint a motion for leave to file.  The motion will be reviewed by the Court, and if it appears that the proposed action is repetitive, frivolous, malicious, intended to harass, or otherwise barred, leave to file will be denied.

## Conclusion

For the reasons stated above, the Court GRANTS Shea's Vexatious-Litigation Motion (Doc. 152).  Mr. Coon is hereby ENJOINED from filing any further actions in this Court without obtaining prior leave from the Court.

Dated at Burlington, in the District of Vermont, this 30th day of September, 2014.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

16

## APPENDIX

Based on Shea's citations and the Court's own research, the Court has compiled

the following list of federal and Vermont state cases instituted by Mr. Coon since 1993,

organized by filing date.  Federal court case history is drawn from PACER.  Vermont

state court case history is drawn from the "Vermont Courts Online" website,

https://secure.vermont.gov/vtcdas/user (registration required).[11]  Parentheticals briefly

describe the disposition of each case; subsequent history is noted where appropriate.

* * *

*Coon v. United States District Court of Vermont*, No. 2:93-cv-212 (D. Vt.) (section 1983 case filed July 16, 1993; petition dismissed under Rule 9).

*Coon v. Vermont State's Attorney*, No. 5:94-cv-177 (D. Vt.) (section 1983 case filed June 20, 1994; dismissed as frivolous).

*Coon v. Ferraris*, No. 1:96-cv-1230 (N.D.N.Y.) (medical malpractice case filed August 1, 1996; dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)), *appeal dismissed* Nov. 21, 1996.

*Coon v. O'Connor*, No. 1:96-cv-1251 (N.D.N.Y.) (suit filed August 5, 1996; dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)), *appeal dismissed* Feb. 11, 1997.

*Coon v. Springfield Police*, No. 1:96-cv-398 (D. Vt.) (civil-rights suit filed December 16, 1996; IFP denied for failure to answer questions).

*Coon v. Paletta*, No. 1:97-cv-222 (D.N.H.) (case filed May 2, 1997; dismissed for lack of subject-matter jurisdiction).

*Coon v. Forguites*, No. 257-6-97 Wrcv (Vt. Super. Ct.) (defamation case filed June 6, 1997; dismissed by parties).

*Coon v. Hunt*, No. 342-7-97 Wrcv (Vt. Super. Ct.) (fraud cause filed July 31, 1997; dismissed by plaintiff).

---

[11]  The Court has made no attempt to compile state-court litigation history from outside of Vermont.

*Coon v. Paletta*, No. 1:97-cv-392 (D. Vt.) (section 1983 case filed November 20, 1997; dismissed by the court), *appeal dismissed* Dec. 16, 1998.

*Coon v. Village of Hoosick*, No. 1:98-cv-66 (N.D.N.Y.) (section 1983 case filed January 12, 1998; dismissed by reason of settlement).

*Coon v. Bowen*, No. 1:98-cv-142 (D. Vt.) (civil-rights case filed April 29, 1998; motion to dismiss granted by court), *affirmed* No. 98-9185, 1999 WL 314134 (2d Cir. 1999) (concluding that "this action was malicious").

*Coon v. State of Vermont*, No. 1:98-cv-183 (D. Vt.) (civil-rights case filed May 28, 1998; dismissed pursuant to 28 U.S.C. § 1915(e)(2)).

*Coon v. Boylan & Bowen*, No. 1:98-cv-290 (D. Vt.) (section 1983 case filed August 20, 1998; *in forma pauperis* status denied).

*Coon v. Springfield Vermont Police Department*, No. 164-4-99 (Vt. Super. Ct.) (harassment case filed April 1, 1999; claims dismissed by court or parties).

*Coon v. Town of Springfield*, No. 1:99-cv-369 (D.N.H.) (section 1983 case filed August 16, 1999; case settled).

*Coon v. Town of Springfield*, No. 1:99-cv-382 (D. Vt.) (section 1983 case filed December 13, 1999; case settled after early neutral evaluation).[12]

*Coon v. Windsor County State's Attorney*, No. 1:00-cv-46 (D. Vt.) (section 1983 case filed February 4, 2000; dismissed by court or parties).

*Coon v. HCRS*, No. 181-4-00 Wrcv (Vt. Super. Ct.) (medical malpractice case filed April 19, 2000; claims dismissed by plaintiff or parties).

*Coon v. Ankuda*, No. 275-6-00 Wrcv (Vt. Super. Ct.) (attorney malpractice case filed June 29, 2000; dismissed by plaintiff).

*Coon v. Sekellick*, No. 1:00-cv-1158 (N.D.N.Y.) (breach-of-contract case filed July 28, 2000; stipulation of dismissal).

*Coon v. Springfield School Board*, No. 361-8-00 Wrcv (Vt. Super. Ct.) (harassment case filed August 14, 2000; judgment for defendant after court trial).

---

[12] Notably, in an Order filed March 16, 2000, the Court observed: "On the record before the Court, it seems clear the pltfs seek to harass the named defts."

*Coon v. Springfield School District*, No. 558-11-00 Wrcv (Vt. Super. Ct.) (negligence case filed November 27, 2000; dismissed by plaintiff).

*Coon v. United States Department of Education*, No. 1:01-cv-134 (D. Vt.) (civil-rights case filed April 25, 2001; dismissed by plaintiff).

*Coon v. Town of Springfield*, No. 1:01-cv-148 (D. Vt.) (section 1983 case filed May 9, 2001; summary judgment for defendants), *aff'd in part, rev'd in part, and remanded*, 404 F.3d 683 (2d Cir. 2005).[13]

*Coon v. Springfield School District*, No. 7:01-cv-1459 (N.D.N.Y.) (breach-of-contract case filed September 21, 2001; transferred to D. Vt. on March 4, 2002).

*Coon v. McNeil, Leddy & Sheahan PC*, No. 7:02-cv-89 (N.D.N.Y.) (civil-rights case filed January 22, 2002; transferred to D. Vt. on March 4, 2002).

*Coon v. Clattenburg*, No. 7:02-cv-177 (N.D.N.Y.) (medical malpractice case filed February 11, 2002; transferred to D. Vt. on March 4, 2002).

*Coon v. Clattenburg*, No. 1:02-cv-54 (D. Vt.) (transferred from N.D.N.Y.; dismissed by parties under Rule 41).

*Coon v. Springfield School District*, No. 1:02-cv-55 (D. Vt.) (transferred from N.D.N.Y.; dismissed by plaintiff under Rule 41).

*Coon v. McNeil, Leddy & Sheahan PC*, No. 1:02-cv-56 (D. Vt.) (transferred from N.D.N.Y.; summary judgment granted to defendants).

*Coon v. McDonald*, No. 1:02-cv-65 (D. Vt.) (medical malpractice case filed March 13, 2002; dismissed by plaintiff).

*Coon v. Vermont Department of Children*, No. 86-4-02 Oscv (Vt. Super. Ct.) (suit for injunctive relief filed April 15, 2002; dismissed by court).

*Coon v. Town of Springfield*, No. 202-4-02 Wrcv (Vt. Super. Ct.) (trespass suit filed April 22, 2002; summary judgment for defendant).

*Coon v. Rutland Herald Newspaper*, No. 226-5-02 Wrcv (Vt. Super. Ct.) (defamation suit filed May 2, 2002; summary judgment for defendant).

---

[13]  After remand, the remaining parties settled the case.

*Coon v. William J. McDonald, DMD*, No. 239-5-02 Rdcv (Vt. Super. Ct.) (medical malpractice suit filed May 6, 2002; dismissed by court).

*Coon v. Utica Mutual Insurance Co.*, No. 1:02-cv-10839 (D. Mass.) (contract case filed May 7, 2002; dismissed for failure to respond to court order).

*Coon v. Springfield Hospital*, No. 1:02-cv-160 (D. Vt.) (medical malpractice suit filed June 25, 2002; dismissed by parties under Rule 41).

*Coon v. HCRS*, No. 19-1-03 Wmcv (Vt. Super. Ct.) (breach-of-settlement suit filed January 10, 2003; dismissed by parties).

*Coon v. H&R Block, Inc.*, No. 1:03-cv-1064 (S.D.N.Y.) (breach-of-contract suit filed February 18, 2003; dismissed pursuant to 28 U.S.C. § 1915(e)(2)).

*Coon v. Hoosick Falls Central School*, No. 1:03-cv-228 (N.D.N.Y.) (section 1983 case filed February 24, 2003; dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as time-barred).[14]

*Coon v. New York State Department of Motor Vehicles*, No. 1:03-cv-777 (N.D.N.Y.) (section 1983 case filed June 23, 2003; dismissed for failure to state a claim).[15]

*Coon v. Rhodes*, No. 1:05-cv-767 (N.D.N.Y.) (ADA suit filed June 20, 2005; judgment for defendants as a result of plaintiff's failure to comply with a court order).

*Coon v. Kilgo*, No. 1:06-cv-925 (N.D.N.Y.) (auto-accident suit filed August 1, 2006; dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of diversity or any federal question).

---

[14]   This is one of the cases cited in Shea's Vexatious-Litigation Motion, and it is apparently the case that Mr. Coon says caused him distress regarding the "sealed case."

[15]   This case appears to be related to Mr. Coon's "auto-ped" accident.  As Mr. Coon has previously stated, he "suffers from a massive injury being run over in my home by a lady who had Alz[]heimer[']s on October 29, 2002 which also includes a brain injury with 15 to 20 years of memory loss, 1985 thru 2002." (Doc. 40 at 3–4 (all-caps writing converted to lowercase).)  (*See also, e.g.*, Doc. 40 at 11–12 ("Coon suffered a significant mental health-brain injury in auto-pedestrian accident on Oct. 29 2002." (all-caps writing converted to lowercase); Doc. 127 at 14–15 (recounting the "auto-peds accident")).)

*Coon v. State Farm Insurance Co.*, No. 1:07-cv-164 (D. Ga.) (auto-accident/insurance suit filed November 9, 2006; dismissed for lack of subject-matter jurisdiction), *appeal dismissed* for want of prosecution, No. 07-13736-EE (11th Cir. Nov. 27, 2007).
*Coon v. Kelly*, No. 1:08-cv-177 (N.D.N.Y.) (section 1983 case filed February 14, 2008; dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim).

*Coon v. Southwest Vermont Medical Center*, No. 2:13-cv-182 (D. Vt.) (filed June 25, 2013).

*Coon v. Shea*, No. 2:14-cv-85 (D. Vt.) (filed April 28, 2014).